IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| ROGER LINDSAY<br>1309 Crockett Lane<br>Silver Spring, MD 20904<br><br>*Plaintiff*,<br><br>v.<br><br>ROBERT WILKIE<br>SECRETARY, DEPARTMENT OF<br>VETERANS AFFAIRS<br>810 Vermont Avenue, NW<br>Washington, DC 20420<br><br>and<br><br>ROBYN HARDY<br>50 Irving Street, NW<br>Washington, DC 20422<br><br>and<br><br>ELTON ARTIS<br>50 Irving Street, NW<br>Washington, DC 20422<br><br>and<br><br>STANLEY STANTON<br>50 Irving Street, NW<br>Washington, DC 20422<br><br>*Defendants.* | Case No. 1:19-cv-1137<br><br><br><br>JURY TRIAL DEMAND |

## **COMPLAINT**

Plaintiff Roger Lindsay, by and through counsel, hereby files this Complaint for violations of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, 29 C.F.R. § 825, and the First and

1

Fifth Amendment of the United States Constitution against Defendants Robert Wilkie, Secretary, United States Department of Veterans Affairs, Robyn Hardy, Elton Artis, and Stanley Stanton.

## JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331. Plaintiff seeks monetary damages against a federal employee acting under color of legal authority, in their individual capacities, under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 28 L.Ed.2d 619 (1971). Plaintiff seeks actual damages as well as fees and costs against the VA for the intentional and willful violation of the Privacy Act, 5 U.S.C. § 552a(g)(5). The Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. The Court has authority to grant injunctive relief under the federal courts' inherent equitable powers.

2. Venue is proper in this court pursuant to 28 U.S.C. § 1391(e) in that all events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and Defendants may be found in this judicial district.

## PARTIES

3. Plaintiff Roger Lindsay is a Caucasian male, a U.S. citizen, and a resident of the State of Maryland. He works as a Deputy Chief of Police at the Veterans Administration Medical Center ("VA Medical Center") in the District of Columbia.

4. Robert Wilkie (the "Agency") is the Secretary of the U.S. Department of Veterans Affairs, an administrative agency of the United States government and an "employer" within the meaning of the statutes under which Plaintiff brings his claims. Defendant Wilkie is being sued in his official capacity. Defendant Elton Artis, Acting Deputy Police Chief of the VA Medical Center, is being sued in his individual and official capacity. Defendant Robyn Hardy, Police Chief of the

VA Medical Center, is being sued in her individual and official capacity. Defendant Stanley Stanton, Assistant Director of the VA Medical Center, is being sued in his individual and official capacity.

### FACTUAL ALLEGATIONS

5. Plaintiff Lindsay began employment at the VA Medical Center in December 2017 as the Deputy Chief of Police. He reported to the Chief of Police, Tony Hebert. Plaintiff Lindsay has more than thirty years of experience in law enforcement and twenty years of experience with the Veterans Administration. Prior to being hired at the VA Medical Center in Washington, DC, he was employed as an Operations Captain at the VA Medical Center in Coatesville, Pennsylvania. Defendant Elton Artis also previously worked at the Coatesville facility as an investigator. In or around 2013, Defendant Artis faced disciplinary actions at the Center in Coatesville for practicing unauthorized surveillance of officers, including the use of night vision technology to monitor officers. Defendant Artis avoided termination from employment with the VA Medical Center in Coatesville when he was hired as an investigator by Jerry Brown, the then-Chief of Police at the VA Medical Center in Washington, D.C.

6. As the Deputy Chief of Police of the VA Medical Center, Plaintiff Lindsay was responsible for physical security, training, administration and operations, which included supervision of officers. Plaintiff Lindsay successfully performed all of these duties for the first five months of his employment. In May 2018, Chief Hebert and Major Coburn were reassigned to other VA facilities, and Troy Brown became Acting Chief of Police. Acting Chief Brown temporarily promoted Investigator Elton Artis to a position of Acting Deputy Chief of Police, a position which did not exist, and assigned him responsibility for administration, physical security and training, duties being performed by Plaintiff Lindsay. On July 10, 2018, Jennifer Beckles, a

personnel security specialist, announced in a Memorandum that until further notice, Defendant Elton Artis would be Acting Deputy Chief of Police, a position that was not approved by any administration officials.  In August 2018, Plaintiff Lindsay requested that Defendant Artis be removed from serving as the Acting Deputy Chief of Police because Defendant Artis was performing his duties and causing a disruption in the chain of command.  Plaintiff Lindsay's request was not addressed and he was denied an opportunity to perform the full duties of his position.

7. Shortly after Defendant Artis took over responsibility for Administration, Physical Security and Training, he began to harass officers.  Specifically, he questioned Sgt. Chris deLeon about worker's compensation paperwork for a work related injury. After Sgt. deLeon's counsel wrote a letter to Acting Chief Artis requesting that he direct all concerns regarding Sgt. deLeon's worker's compensation claim to him, Defendant Artis began a pattern of harassing Sgt. deLeon, including confronting him in the office with an angry tone while in possession of his service weapon.  Sgt. deLeon was so upset about Defendant Artis' harassment and confrontations, he filed a complaint with the Metropolitan Police Department and sought a stay away order in the District of Columbia courts.  After Sgt. deLeon filed a complaint against Defendant Artis, Defendant Artis selected Capt. Miller as his direct report and to serve as Sgt. deLeon's supervisor.

8. On October 31, 2018, Plaintiff Lindsay took annual leave for one week because he needed to qualify for his service weapon.  Plaintiff was scheduled to return to work on November 7, 2018.  On October 31, 2018, Assistant Medical Center Director, Defendant Stanley Stanton, posted an "Acting Chief of Police Service" position with a closing date of November 7, 2018.  The position was posted for five days. Plaintiff Lindsay was temporarily ineligible to apply for this position. Plaintiff Lindsay was verbally informed that requalifying would take place on

Wednesday, November 7, 2018 at 11:00 a.m. He took annual leave from mid-day on October 31, 2018 through November 6, 2018. Just prior to leaving the office, Plaintiff Lindsay received an email from Defendant Artis' direct report, Capt. Miller, stating the certification training had been changed to Wednesday, November 14, 2018 at 11 a.m.  At that time, Plaintiff Lindsay did not understand why the dates had changed, but he later realized that the certification training date was changed to prevent him from applying for the position because he was the most qualified applicant for the position.  Plaintiff Lindsay had been the sitting Deputy Chief of Police Service at the Washington DC VA Medical Center for almost eleven months, had a 10-point preference, and was 100% service disabled veteran and Purple Heart recipient.

9. Defendant Artis was selected as the Acting Chief of Police by Defendant Stanton and served in that role through January 2019.  While serving as the Acting Chief of Police, Defendant Artis received a temporary promotion to grade 13 and received corresponding pay.

10. On November 13, 2018, Plaintiff Lindsay filed a Congressional complaint with his United States Senators in Maryland and filed a complaint with the Veterans Administration Whistleblower's Office, alleging widespread mismanagement and violations of OPM guidelines and prohibited personnel practices in removing Plaintiff Lindsay's duties and assigning his duties to Defendant Artis, and creating an Acting Deputy Police Chief position which did not exist, posting an Acting Chief of Police position for five days to exclude Plaintiff Lindsay from consideration.  Shortly after Plaintiff Lindsay filed his Congressional complaint, he was called to a meeting with Defendant Stanton, who angrily confronted him about filing the Congressional complaint.

11. In January 2019, Robyn Hardy, an African American female, began employment as the Chief of Police at the VA Medical Center. After Defendant Hardy became the Chief of

Police, she had a three hour meeting with Defendant Artis to discuss Police Service personnel and issues in the Police Service.  After meeting with Defendant Artis, Defendant Hardy and Defendant Artis met with the Agency's Human Resources Director, to discuss options for removing Deputy Chief Lindsay from his position.   Between January and March 2019, Defendant Hardy refused to meet with Plaintiff Lindsay or include him in any of the operations of Police Service, and reassigned Plaintiff's duties to Defendant Artis.

12.	In February 2019, Plaintiff Lindsay was advised that he needed major surgery on his back.  He notified his supervisor and submitted paperwork for FMLA leave for his absences.  Defendant Hardy failed to take any action on his request for FMLA leave.  At the time Plaintiff Lindsay began leave for his surgery, Defendant Hardy still had not taken action on his request for FMLA leave.

13.	Plaintiff Lindsay was responsible for supervision and discipline of officers but was excluded from a decision to terminate Sgt. deLeon. Sgt. deLeon was reassigned by Defendant Hardy from an Administrative Officer position to an entry desk as a security officer at the VA Medical Center in January 2019 where he was responsible for checking the identification of visitors to the VA Medical Center.  On February 28, 2019, an incident occurred when a female visitor entered the VA Medical Center and Sgt. deLeon asked to see her identification.  He identified himself and she asked why he was not in uniform.  Sgt. deLeon provided a number for her to contact to confirm his identity.  Approximately four hours later, the visitor returned to the desk where Sgt. deLeon was stationed and approached him and took out her cell phone and attempted to take a photograph or videotape him.  The VA Medical Center had a policy, Medical Center Policy Memorandum No. 00-22, which prohibits the taking of photographs in the VA Medical Center.  Sgt. deLeon feared for his safety and grasped the visitor's arm and called for

assistance for a disruptive visitor. The incident was captured on video camera. Defendant Artis contacted the Metropolitan Police Department to file assault charges against Sgt. deLeon and requested to be informed when MPD officers arrived at the VA Medical Center. Defendant Artis had a personal relationship with the officers who arrived to investigate the matter and was observed giving a "thumbs up" signal to the MPD officers who investigated the matter as they concluded their meeting with him. He later met with the female visitor and coached her to file a complaint with MPD and for a protective order in a District Court in Arlington, Virginia. At MPD, the female visitor claimed that she was distraught as a result of the incident. Plaintiff Lindsay was not informed of the February 28, 2019 incident or any resulting investigation by Defendant Artis or other managers, and he did not learn about the incident until Sgt. deLeon later told him about the incident.

14. Sgt. deLeon retained counsel and obtained witness statements from officers who were present on the day of the incident in question to submit to the MPD detective. Plaintiff Lindsay provided a statement to the MPD for Sgt. deLeon which detailed his knowledge of Officer deLeon's workplace injury in February 2018, and complaint against Defendant Artis based on public records.

15. The female visitor involved in the incident on February 28, 2018 filed a request for a restraining order against Sgt. deLeon in an Arlington, Virginia court. She appeared in court and gave a grand performance on how she was emotionally traumatized as a result of the incident and testified that personnel actions had been taken against Sgt. deLeon by the VA Medical Center. The action in the Virginia District Court was dismissed but Sgt. deLeon was served with the court action and forced to retain counsel to represent him. Shortly after the Virginia action was dismissed, the female visitor returned to the VA Medical Center to meet with Defendant Artis and

was overheard announcing to Defendant Artis, "It didn't work" before meeting with him in his office.  Defendant Artis, with the knowledge and consent of Defendant Hardy and Defendant Stanton, pursued simple assault charges against Sgt. deLeon on the basis that he took action against the female visitor when his police powers were suspended, even though his police powers were suspended because he was injured in a workplace assault in February 2018, and Defendant Artis and Defendant Hardy assigned him to a position as a security officer out of uniform.  Defendant Artis had previously failed to take any action after Sgt. deLeon was dragged by the vehicle of a VA Medical Center employee.

16. On March 4, 2019, the VA Medical Center Director, Michael Heimall, placed Sgt. deLeon on administrative leave pending action by the Agency.  He was subsequently issued a notice of removal and removed from his position because of the incident with the female visitor.

17. Plaintiff Lindsay was scheduled for major back surgery on March 21, 2019, and his normal work shift was from 7 a.m. to 3:30 p.m.  On March 20, 2019, Defendant Hardy left her office for the day at approximately noon.  At 3:14 p.m., approximately 15 minutes before the end of Plaintiff Lindsay's shift, and the beginning of an extended period of medical leave for major surgery on his back, Plaintiff Lindsay received an email from the VA Privacy Officer, Jorgina T. Parks, advising him that the Privacy Office had received a report that he violated the Agency's Privacy Act policies by releasing personal identifiable information to the Washington D.C. Metropolitan Police Department on March 2, 2019, in reference to a personal statement that Plaintiff Lindsay provided to Sgt. deLeon for the MPD investigation in reference to his treatment at the VA Medical Center.  Plaintiff Lindsay was ordered to respond to the notice within 72 hours.  All of the information provided in Plaintiff Lindsay's letter regarding Sgt. deLeon was from Sgt. deLeon and public court records. The actions were taken by Defendant Hardy and Defendant Artis

8

to place discipline in his personnel file to justify removal of him from the Deputy Chief of Police position.

18.     Immediately after Plaintiff Lindsay began his medical leave, Defendant Hardy removed Plaintiff Lindsay from his position as the Deputy Chief of Police.  Defendant Artis, with the knowledge and consent of Defendant Hardy and Defendant Stanton, moved into Plaintiff Lindsay's office and removed Plaintiff Lindsay's name from the door, and removed Plaintiff Lindsay from various databases in the Police Service.

19.     On March 18, 2019, prior to taking leave, Plaintiff Lindsay submitted a request for FMLA leave.  Defendant Hardy failed to take any action on the request for FMLA leave.  While he was out on medical leave, Plaintiff Lindsay was contacted by the VA Medical Center and advised that when he returned to work that he may be placed in a position on than his Deputy Chief of Police position.

## COUNT I

### Violation of the First Amendment to the U.S. Constitution (Bivens)

20.     Plaintiff Lindsay incorporates by reference all paragraphs above as if fully stated herein.

21.     The First Amendment to the U.S. Constitution protects freedom of speech and the right to petition the government for a redress of grievances.

22.     Individual Defendants Stanton, Artis and Hardy violated Plaintiff's First Amendment rights by retaliating against him for engaging in protected speech and petitioning the government to redress a grievance.  Plaintiff Lindsay submitted a Congressional complaint in November 2018, filed a complaint with the Veterans Administration Whistleblower's office, and

submitted a letter to the District of Columbia Metropolitan Police Department, on behalf of Sgt. deLeon.

23. Defendants Hardy and Artis violated Plaintiff Lindsay's First Amendment rights by meeting with Human Resources in January 2019 to devise a plan to remove Plaintiff Lindsay from his position as the Deputy Chief of Police. After she became the Chief of Police, Defendant Hardy refused to meet with Plaintiff Lindsay as the Deputy Chief of Police or include him in any of the operations in the office; reassigned all Plaintiff's core duties as the Deputy Chief of Police in January 2019; failed to approve Plaintiff Lindsay's FMLA leave; filed false charges of a Privacy Act violation against Plaintiff Lindsay to cause discipline to be placed in his file to justify his removal from his Deputy Chief of Police position; and removed Plaintiff Lindsay as the Deputy Chief of Police and replaced him with Defendant Artis. Immediately after Plaintiff Lindsay began his medical leave, Defendant Hardy removed Plaintiff Lindsay from his position as the Deputy Chief of Police. Defendant Artis, with the knowledge and consent of Defendant Hardy and Defendant Stanton, moved into Plaintiff Lindsay's office and removed Plaintiff Lindsay's name from the door, and removed Plaintiff Lindsay from various databases in the Police Service.

24. The individual Defendants knowingly and willfully violated Plaintiff Lindsay's First Amendment rights by retaliating against him for exercising his right to petition the government for a redress of grievances. Defendants did not have a legal justification for the violation of Plaintiff's First Amendment rights. Plaintiff seeks money damages for personal injury, including a disciplinary action based on a false charges of a violation of the Privacy Act. Plaintiff's harm was caused by the wrongful acts of Defendants Stanton, Artis and Hardy, while acting within the scope of their employment as agents of the Department of Veterans Affairs.

## COUNT II

### Violation of the Fifth Amendment to the U.S. Constitution

25.     Plaintiff Lindsay incorporates by reference all paragraphs above as if fully stated herein.

26.     The Fifth Amendment to the U.S. Constitution provides that no person shall be deprived of life, liberty, or property without due process of law.  The Fifth Amendment to the U.S. Constitution encompasses "the right of the individual to contract [and]…to engage in any of the common occupations of life."  *Board of Regents of States Colleges v. Roth*, 408 U.S. 564, 572 (1972) (citations omitted).  "Where a person's good name, reputation, honor or integrity is at stake because of what the government is doing to her, notice and an opportunity to be heard are essential."  *Id.* at 573.  The Fifth Amendment protects against reputational harm/defamation in termination and stigma from an adverse employment action which harms the employment prospects of an individual.  Courts have recognized that the due process clause protects against the loss of future employment.  *Paul v. Davis*, 424 U.S. 693, 704 (1976).

27.     Defendant violated Plaintiff Lindsay's Fifth Amendment rights by creating an Acting Deputy Chief of Police position and placing Defendant Artis in that position in July 2018 and removing Plaintiff's duties as the Deputy Chief of Police and giving his duties to Defendant Artis.  Defendant Hardy and Defendant Artis met with Human Resources in January 2019 to devise a plan to remove Plaintiff Lindsay from his position as the Deputy Chief of Police; and Defendant Hardy refused to meet with Plaintiff Lindsay as the Deputy Chief of Police or include him in any of the operations in the office; reassigned all Plaintiff's core duties as the Deputy Chief of Police in January 2019; failed to approve Plaintiff Lindsay's FMLA leave; filed false charges of a Privacy Act violation against Plaintiff Lindsay in March 2019; and replaced Plaintiff Lindsay with

Defendant Artis as the Deputy Chief of Police in March 2019. Immediately after Plaintiff Lindsay began his medical leave, Defendant Hardy removed Plaintiff Lindsay from his position as the Deputy Chief of Police. Defendant Artis, with the knowledge and consent of Defendant Hardy and Defendant Stanton, moved into Plaintiff Lindsay's office and removed Plaintiff Lindsay's name from the door, and removed Plaintiff Lindsay from various databases in the Police Service.

28. All actions were taken without providing Defendant Lindsay with due process.

29. The Defendant knowingly and willfully violated Plaintiff Lindsay's Fifth Amendment rights to liberty and property without due process, caused reputational harm by falsely charging him with a Privacy Act violation, and has prevented him from performing his position and impacted employment opportunities in his chosen profession.

### COUNT III

### Violation of the Family and Medical Leave Act

30. Plaintiff Lindsay incorporates by reference all paragraphs above as if fully stated herein.

31. The Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, 29 C.F.R. § 825, requires employers to provide up to sixteen weeks of unpaid family leave for the birth of a child, adoption or foster care or to care for a seriously ill family member, and leave to recover from a serious illness rendering the employee unable to work. The leave may also be taken intermittently, in the case of a serious health condition, as defined in the Family and Medical Leave Act.

32. At all pertinent times, VA was an employer subject to provisions of the Family and Medical Leave Act.

33. At all pertinent times, Plaintiff Lindsay was an eligible employee entitled to invoke his rights under the Family and Medical Leave Act.

34. Plaintiff Lindsay submitted a request for FMLA leave in February 2019 before taking medical leave for back surgery. In violation of the FMLA, Defendant Hardy failed to approve Plaintiff's request for FMLA leave. Defendants Hardy and Artis interfered with Plaintiff Lindsay's right to take FMLA leave by failing to approve his leave and retaliated against him by falsely charging him with a Privacy Act violation on March 20, 2019 and demanding that he respond within 72 hours of the notice when Defendant Hardy was aware that Plaintiff was scheduled for major surgery on March 21, 2019. Immediately after Plaintiff Lindsay began his medical leave, Defendant Hardy removed Plaintiff Lindsay from his position as the Deputy Chief of Police. Defendant Artis, with the knowledge and consent of Defendant Hardy and Defendant Stanton, moved into Plaintiff Lindsay's office and removed Plaintiff Lindsay's name from the door, and removed Plaintiff Lindsay from various databases in the Police Service.

35. Defendant's actions constituted a willful violation of the FMLA.

36. Plaintiff seeks all damages available including money damages, attorneys' fees, and costs.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays as follows:

A. Issue a declaratory judgment that the individual Defendants' conduct as described above toward Plaintiff violated his rights under the First and Fifth Amendments to the U.S. Constitution, and the Family and Medical Leave Act;

B. Declare Defendants' conduct to be unlawful and issue a permanent injunction prohibiting Defendants Hardy, Artis and Stanton from repeating charges that Plaintiff violated the Privacy Act;

C. Award Plaintiff compensatory and punitive damages, for monetary and non-monetary injuries including without limitation, lost earnings, diminished future earning capacity, medical expenses, pain and suffering, and emotional distress, in an amount to be determined at trial;

D. Grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action; and

E. Grant Plaintiff such other and further relief which the Court deems proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all counts so triable.

Respectfully submitted,

*/s/ David A. Branch*
David A. Branch #438764
Law Office of David A. Branch & Associates, PLLC
1828 L Street NW, Suite 820
Washington, DC 20036
(202) 785-2805 phone
(202) 785-0289 fax
davidbranch@dbranchlaw.com